UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DAWN MCNICHOLS,**

    **Plaintiff,**

**v.**                                                                              **Case No: 5:23-cv-611-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

### ORDER

Plaintiff appeals the administrative decision denying her application for supplemental security income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is due to be **AFFIRMED.**

**I.  Background**

For the sake of convenience, the administrative history, which is not in dispute, is copied from Plaintiff's brief:

> Plaintiff protectively filed an application for Supplemental Security Income (SSI) on February 2, 2021 (Tr. 201-06). Following denials at the initial and reconsideration levels, an administrative law judge (ALJ) held a hearing in the matter and issued an unfavorable decision on January 5, 2023, finding Plaintiff not disabled during the relevant period from the date of application through the date of the decision (Tr. 8-28). The Appeals Council denied Plaintiff's request for review of the ALJ's decision on August 30, 2023, making the ALJ's decision the final decision of the Commissioner (Tr. 1-7). Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. The final decision of the Commissioner finding Plaintiff did not meet the statutory requirements for disability is now ripe for review and this Court properly has jurisdiction over this action pursuant to §§ 205(g),

    1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3).

(Doc. 22 at 1-2).[1]

  Plaintiff was 50 years old on the date she filed the application in this case. (Tr. 72). Plaintiff has a high school education and attended community college. (Tr. 220). Plaintiff has past work experience as a server and tool clerk. (Tr. 66-67, 220-21). Based on a review of the record, the ALJ found that Plaintiff has the severe impairments of posttraumatic stress disorder (PTSD) grief, generalized anxiety disorder (GAD), major depressive disorder, and panic disorder, uncomplicated bereavement. (Tr. 13).

  The ALJ found that the Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following limitation:

> requires remembering simple information and performing simple routine work tasks during an 8-hour workday with occasional contact with coworkers and the general public.

(Tr. 16).

  Based upon the RFC, and considering the testimony of the vocational expert, the ALJ found that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy, such as the positions of laundry laborer, liner inserter, and laundry locker. (Tr. 22). Consequently, the ALJ found that Plaintiff was not disabled. (Tr. 24).

---

[1] For claims filed on or after March 27, 2017, the Social Security Administration has issued new revised regulations regarding the evaluation of medical evidence, including medical source opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules) ("We are revising our rules to ensure that they reflect modern healthcare delivery and are easier to understand and use. We expect that these changes will help us continue to ensure a high level of accuracy in our determinations and decisions.").

## II. Standard of Review

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the

reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III. Discussion

The single issue raised by Plaintiff on appeal is whether the ALJ applied the correct legal standards to the opinion of Dr. Collier.

Plaintiff argues that the ALJ erred by failing to properly consider an opinion offered by Terry L. Collier, Psy.D. The opinion is dated May 28, 2022, and is contained on what appears to be a form questionnaire prepared by Plaintiff's legal counsel. (Tr. 480-481). Dr. Collier opined that Plaintiff had numerous mental health limitations including that she was unable to concentrate to perform even simple, routine tasks for greater than 15% of the time during an 8-hour workday for at least three days during a five-day work week, that she needed at least one additional unscheduled break of 30 minutes daily, that she was unable to interact appropriately with the public for greater than 20% of the time on an unpredictable basis, that she was unable to get along with coworkers or peers without distracting them or exhibiting behavior extremes in the workplace for greater than 15% of the time during an 8-hour workday for at least three days during a five-day work week, and numerous similar limitations. (Tr 480-81). In fact, Dr. Collier checked "yes" to every limitation suggested on the form. (Tr. 480-81).

Plaintiff argues that if Dr. Collier's opinion were credited, it would preclude Plaintiff from employment. (Doc. 16 at 7). Plaintiff appears to suggest that her RFC should include all the restrictions opined by Dr. Collier, and the ALJ erred by not accounting for them. Plaintiff further argues that the ALJ's justification for finding the opinion not persuasive was

inadequate. Plaintiff contends that the ALJ failed to address the factor of supportability and failed to conduct an adequate analysis of Dr. Collier's opinion, thereby frustrating meaningful review.

As a preliminary matter, Plaintiff acknowledges that her claim is subject to an updated regulatory framework for evaluating medical opinions. For claims filed on or after March 27, 2017, the Social Security Administration has issued revised regulations regarding the evaluation of medical evidence, including medical source opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (final rules) ("We are revising our rules to ensure that they reflect modern healthcare delivery and are easier to understand and use. We expect that these changes will help us continue to ensure a high level of accuracy in our determinations and decisions."). In this case, Plaintiff filed her application in 2021, thus the new rules apply to her claim.

The new regulations impact agency policy in several important respects and contain several significant changes to prior medical evidence rules. *See* 81 Fed. Reg. at 62,560. To begin, the revised regulations redefine how evidence is categorized. Under the revised regulations, there are five categories of evidence: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence, (4) evidence from nonmedical sources; and (5) prior administrative medical findings. See 20 C.F.R. § 416.913(a)(2017).

Second, the definition of "medical opinion" has been considerably revised. For claims filed by adults on or after March 27, 2017, the regulations provide:

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . .

> Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co- workers, or work pressures in a work setting;
>
> Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>
> Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 416.913(a)(2) (2017).

Third, for claims filed on or after March 27, 2017, the regulations change how the agency considers medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 416.920c (2017). Notably, the regulations no longer use the term "treating source," but refer to "your medical source(s)." 20 C.F.R. § 416.920c (2017). The Commissioner intentionally chose not to retain the "treating source rule" that previously required deference to treating source opinion evidence. *See* 82 Fed. Reg. at 5883. Rather, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017). The ALJ will, instead, consider all medical opinions through the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. *Id.* § 416.920c(c)(1)-(5).

Here, Defendant contends that the ALJ properly considered Dr. Collier's opinion in

view of the relevant factors, including supportability and consistency. The ALJ expressly noted that the opinion was "based on claimant's subjective symptoms and are not supported as consistent with the objective findings reported by Greater Elgin Family Care Center and Leesburg Community Health Center." (Tr. 21). Regarding Dr. Collier's opinion, the ALJ further found, "[t]he limitations are also inconsistent with the objective findings reported by the psychological consultative examiner, Dr. Melissa Flores Ruiz, Psy.D." (Tr. 21, 365-68).

A review of the record reveals that substantial evidence supports the ALJ's conclusions regarding Dr. Collier's opinion. Notably, the ALJ compared Dr. Collier's opinion to the findings of the consultative examiner who opined that Plaintiff's limitations were not as severe as opined by Dr. Collier. (Tr. 18-19, 365-68). The ALJ also found that Dr. Collier's opinions were not supported or consistent with objective findings reported by other providers, such as Greater Elgin Family Care Center and Leesburg Community Health Center, which reflected more mild limitations. (Tr. 21, 325-51, 352-64).

Plaintiff mischaracterizes the ALJ's decision as failing to consider supportability. To the contrary, the ALJ relied first on the medical record, including the consultative examiner's report and numerous treatment and clinical notes. It was also appropriate for the ALJ to consider the subjective nature of Plaintiff's complaints as part of the analysis of Dr. Collier's opinion. *See Coley v. Comm'r of Soc. Sec.*, 771 F. App'x 913, 918-19 (11th Cir. 2019). Further, the Defendant points out that there were no objective clinical findings from Dr. Collier to discuss, because Dr. Collier's opinions were based on Plaintiff's self-reported symptoms. (Tr. 474-481). Indeed, Plaintiff fails to identify any specific evidence that the ALJ should have evaluated that would have supported Dr. Collier's opinions.

The record reflects that the ALJ properly considered Dr. Collier's opinion in light of the relevant factors, including supportability and consistency. Under the revised regulations, the ALJ was not required to give deference to the opinion. *See Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022) ("This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion."). Further, substantial evidence supports the ALJ's decision to give greater credit to the opinion of the consultative examiner and other evidence credited by the ALJ. Accordingly, the ALJ did not err in considering the opinion of Dr. Collier.

Further, the ALJ was not required to accept the vocational expert's testimony in response to Plaintiff's hypothetical questions that included limitations not supported by the record and not included in the RFC finding. *See Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1161 (11th Cir. 2004).

The ALJ's decision should be affirmed because substantial evidence supports the ALJ's evaluation of Plaintiff's condition and the determination regarding her alleged impairments. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

### IV. Conclusion

For the reasons stated the above, the ALJ'S decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Ocala, Florida on March 13, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties